UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JUSTIN HAUSER, Individually, | : |
| | : |
| Plaintiff, | : |
| | : Case No.: 26-cv-301 |
| vs. | : |
| | : |
| FTW HOTEL SUITES, LLC, an Indiana | : |
| Domestic Limited Liability Company, | : |
| | : |
| Defendant. | : |
| _____/ | : |

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, JUSTIN HAUSER, Individually, on his own behalf and on behalf of all other individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, FTW HOTEL SUITES, LLC, an Indiana Domestic Limited Liability Company, for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("Americans with Disabilities Act"), and additionally for damages pursuant to IC 22-9-1 (Indiana Civil Rights Law).

**COUNT I**

1.      The Hyatt Place Fort Wayne – Northwest hotel is located at 111 W. Washington Center Road, Fort Wayne, IN 46852 (hereafter referred to as the property, subject property, or hotel).

2.      Defendant FTW HOTEL SUITES, LLC, owns and/or operates the subject property.

3.      Venue is properly located in the Northern District of Indiana because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business

within this judicial district.

4.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from a Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202. It has also been given supplemental jurisdiction of any related state law claims. 28 USC § 1367.

5.    Plaintiff Justin Hauser is a Michigan resident residing at 8549 Whiteford Road, Ottowa Lake, Michigan, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Hauser is a C3-7 quadriplegic, and uses a wheelchair to ambulate.

6.    While Mr. Hauser resides in Michigan, he travels to Fort Wayne several times a year with his team the Motor City Eagles to participate in adaptive soccer tournaments (power soccer) at the Turnstone Center.

7.    Mr. Hauser and his teammates often stay at the Hyatt Place Fort Wayne – Northwest hotel 2-3 times a year when they come into town for these tournaments.

8.    Most recently, Mr. Hauser stayed at the hotel on or about March 7, 2025.

9.    Mr. Hauser and his teammates expect to stay at the hotel again from June 22-26, 2026, for another adaptive soccer tournament.

10.    The Plaintiff also wishes to avail himself of the goods and services offered to the public at the property, if the facilities are fully accessible and the barriers to access have been corrected.

11.    The Plaintiff has encountered architectural barriers at the subject property which have impaired his use of the facilities and the amenities offered, and have endangered his safety at the hotel.

12.    Defendant FTW HOTEL SUITES, LLC owns, leases, leases to, or operates a place

2

of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

13.    Defendant FTW HOTEL SUITES, LLC is responsible for complying with the obligations of the ADA.

14.    The place of public accommodation that the Defendant FTW HOTEL SUITES, LLC owns, operates, leases or leases to is known as the Hyatt Place Fort Wayne – Northwest, which is located at 111 W. Washington Center Road, Fort Wayne, IN 46852.

15.    The hotel was originally constructed in 1995, and renovated in 2007.

16.    Plaintiff Justin Hauser has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations set forth in this Complaint.

17.    Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

18.    Plaintiff has visited the subject property and desires to visit the subject property in the near future, not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

19.    The Defendant has discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

20.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26,

3

1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

21.     A preliminary inspection of the subject property has shown that violations exist.

22.     The violations that Mr. Hauser has personally observed or encountered include but are not limited to those set forth in the following paragraphs:

23.     The hotel does not provide the required number of compliant accessible guest rooms (including the required amount of guest rooms with roll-in showers).

24.     The hotel has approximately 120 guest rooms. As such, the hotel should have a minimum of 5 mobility accessible guest rooms, at least 2 of which have roll in showers.

25.     This is in violation of 1991 ADAAG 9.1.2. See also section 224 of the 2010 Standards for Accessible Design. 28 CFR §36.304, whose resolution is readily achievable.

26.     The hotel's accessible guest rooms are not dispersed among the various classes of accommodations.

27.     While the hotel offers guest rooms with a king bed and 2 double beds, the only accessible room types offered are king bed rooms.

28.     This is in violation of 1991 ADAAG 9.1.3. See also section 224 of the 2010 Standards for Accessible Design. 28 CFR §36.304, whose resolution is readily achievable.

29.     The accessible features of the facility are not maintained. As one example, the paths of travel have cracks and changes in level in excess of ¼ inch (some as high as 1 inch).

30.     This creates barriers to access for the Plaintiff, as set forth herein, in violation 1991 ADAAG 4.5.2, and also 2010 ADAAG section 303, 28 CFR §36.211, whose resolution is readily achievable.

31.     The hotel entrance does not have the proper signage directing disabled individuals

4

to the accessible hotel entrance.

32.     This is in violation of section 216.6 of the 2010 Standards for Accessible Design and section 4.1.2 and 4.30 of the 1991 ADAAG, 28 CFR §36.304, whose resolution is readily achievable.

33.     In the hotel's accessible guest room 101, there is not 56x60 inches of clear floor space surrounding the toilet, as such clear floor space is blocked by the sink.

34.     This is in violation of section 604.3.1 of the 2010 Standards for Accessible Design, and section 4.16 of the 1991 ADAAG, 28 CFR §36.304, whose resolution is readily achievable.

35.     The toilet's rear grab bar in guest room 101 is less than 36 inches long, and does not extend at least 24 inches from the centerline of the toilet on the open side.

36.     This is in violation of section 4.16.4 of the 1991 ADAAG, and 604.5.2 of the 2010 Standards for Accessible Design, 28 CFR §36.304, whose resolution is readily achievable.

37.     The centerline of the toilet paper dispenser in the hotel's accessible guest room 101 is not mounted between 7-9 in front of the toilet.

38.     This is in violation of section 604.7 of the 2010 Standards for Accessible Design. 28 CFR §36.304, whose resolution is readily achievable.

39.     The shower in the hotel's accessible guest room 101 is not properly configured as a standard type roll in shower, accessible type roll in shower, nor a transfer type roll in shower (though it is most similar to a standard type roll in shower). This prevents a disabled hotel guest from being able to safely transfer into and out of the shower.

40.     This is in violation of 1991 ADAAG section 4.21, and section 608 of the 2010 Standards for Accessible Design, 28 CFR §36.304, whose resolution is readily achievable. See also 1991 ADAAG 4.21.3.

41.     The shower in the hotel's accessible guest room 101 has grab bars located above the fixed seat.

42.     This is in violation of section 608.3.2 of the 2010 Standards for Accessible Design. 28 CFR §36.304, whose resolution is readily achievable. See also 1991 ADAAG 4.21.4.

43.     The shower in the hotel's accessible guest room 101 has shower controls that are located on the side wall.

44.     This is in violation of section 608.5.2 of the 2010 Standards for Accessible Design, and 1991 ADAAG 4.21, 28 CFR §36.304, whose resolution is readily achievable.

45.     The soap and shampoo dispensers in the hotel's guest room 101 shower are mounted less than 12 inches above the grab bars, which obstructs same and makes them difficult to use.

46.     This is a violation of 2010 ADAAG 609.3.

47.     While the handheld shower spray unit in accessible guest room 101 is on an adjustable rail, the hotel does not have proper training in place to ensure that the housekeeping staff leaves such units adjusted to a height of less than 48 inches.

48.     This is in violation of section 4.2.5 of the 1991 ADAAG, and section 308.2.2 of the 2010 Standards for Accessible Design, 28 CFR §36.304, whose resolution is readily achievable.

49.     The bathroom and bar sink in the hotel's accessible guest room 101 has undersink pipes that are not insulated, and pose a cutting and burning hazard.

50.     This is in violation of sections 4.19.4 and 4.24.6 of the 1991 ADAAG, and section 606.5 and 305 of the 2010 Standards for Accessible Design, 28 CFR §36.304, whose resolution is readily achievable.

51.     In the hotel's accessible guest room 101, there is not 36 inches nor even 30 x 48

inches of clear floor space on both sides of the bed.

52.    This is in violation of 1991 ADAAG section 9.2.2, and section 806.2.3 and 305 of the 2010 Standards for Accessible Design, 28 CFR §36.304, whose resolution is readily achievable.

53.    In the hotel's accessible guestroom 101, there is not an accessible path at least 36 nor even 32 inches wide allowing access to the side of the bed near the window.

54.    This is in violation of 1991 ADAAG section 9.2.2, and section 403.5.1 of the 2010 Standards for Accessible Design, 28 CFR §36.304, whose resolution is readily achievable.

55.    In the hotel's accessible guestroom 101, while some of the curtain controls are mounted at a height of 15-48 inches, others are mounted far higher (approximately 70 inches).

56.    This is in violation of section 4.2 of the 1991 ADAAG, and section 308 of the 2010 Standards for Accessible Design, 28 CFR §36.304, whose resolution is readily achievable.

57.    In the hotel's accessible guest room 101, hotel room door closes from 90 degrees to 12 degrees in less than 5 seconds, or from 70 degrees to 3 inches from the latch in less than 3 seconds (in fact, it closes from 90 to zero in 3 seconds).

58.    This is in violation of section 4.13.10 of the 2010 ADAAG, and section 404.2.8.1 of the 2010 Standards for Accessible Design, 28 CFR §36.304, whose resolution is readily achievable.

59.    There is not 18 inches of latch side clearance on the pull side of the hotel room door, which makes it difficult for someone in a mobility device to open from the inside.

60.    Same is a violation of section 4.13.6 of the 1991 ADAAG, and section 404.2.4.1 of the 2010 ADA Standards, whose resolution is readily achievable.

61.    In the hotel's accessible guest room 101, there was not a path of travel 36 nor even

7

32 inches wide to access the air conditioner controls, the window controls, nor the window side of the bed (there is only approximately 15 inches of clearance).

62.     Moreover, even if one could get past the air conditioner unit, there is not 30x48 inches of clear floor space on the side of the bed closest to the window, nor 36 inches of clear maneuvering space on both sides of the bed.

63.     Same is in violation of 2010 ADAAG 305.3 and 806.2.3, and 1991 ADAAG 4.3, and 2010 ADAAG 403.5, whose resolution is readily achievable.

64.     Because the bathroom door hits the bed when opening, it requires more than 5 pounds of force to open and close.

65.     This is in violation of section 1991 ADAAG 4.13.11, and section 404.2.9 of the 2010 Standards for Accessible Design, whose resolution is readily achievable.

66.     The hotel's accessible guest room 101 closet shelf and iron are mounted in excess of 48 inches high.

67.     This is in violation of section 4.2.5 of the 1991 ADAG, and section 308.2.2 of the 2010 Standards for Accessible Design, whose resolution is readily achievable.

68.     In addition to the hotel's accessible guest room 101, presumably the other accessible guest rooms have similar deficiencies.

69.     As the Plaintiff is not guaranteed to be staying in any particular hotel guest room on a subsequent stay, it is necessary that all of the hotel's accessible guest rooms be ADA compliant.

70.     The hotel does not have proper training and procedures to ensure that when a specific accessible room type is booked, that such specific accessible room type should be held and made available for the guest.

71.    The hotel bar in the hotel lobby does not have a lowered section between 28 and 34 inches high.

72.    This is a violation of 2010 ADAAG 902.3, and 1991 ADAAG 5.2.

73.    The hotel's bar and restaurant area did not have any accessible seating, as all such seating either were high tops in excess of 34 inches, or lowered tables with pedestal bases and insufficient knee and toe clearance.

74.    Same is in violation of 2010 ADAAG 902.4.1, and 306, and 1991 ADAAG 4.32.3

75.    The hotel's public accessible restroom did not have 56x60 inches of clear floor space surrounding the toilet, as same was obstructed by the sink.

76.    This is in violation of section 604.3.1 of the 2010 Standards for Accessible Design, and section 4.16 of the 1991 ADAAG, 28 CFR §36.304, whose resolution is readily achievable.

77.    The hotel's public accessible restroom's wheelchair accessible toilet has its centerline of the toilet 20.5 inches from the side wall (substantially more than the 18 inches maximum allowed), which makes it difficult for a disabled individual to transfer on and off of the toilet.

78.    This is in violation of 2010 ADAAG 604.2, and 1991 ADAAG 4.16.

79.    The hotel's public accessible restroom's toilet paper dispenser was not mounted with its centerline 7-9 inches in front of the toilet's rim.

80.    This is in violation of section 604.7 of the 2010 Standards for Accessible Design. 28 CFR §36.304, whose resolution is readily achievable.

81.    The rear toilet grab bar in the hotel's public accessible restroom was not mounted correctly, and there was less than 12 inches of grab bar on the wall side of the toilet's centerline.

82.    This is in violation of section 604.5.2 of the 2010 Standards for Accessible Design.

28 CFR §36.304, and 1991 ADAAG 4.16.4, whose resolution is readily achievable.

83.    The toilet flush control in the hotel's public accessible restroom is not located on the open and wide side, making reaching same difficult for a disabled individual.

84.    This is in violation of 2010 ADAAG 604.6, and 1991 ADAAG 4.16.5.

85.    Several of the hotel's accessible parking spaces are not in fact accessible. Specifically, there are 3 accessible parking spaces to the right of the hotel entrance (to the right when looking at the hotel from the exterior), and only 1 of these spaces actually has a proper access aisle and path of travel to the hotel entrance. One such space has no access aisle whatsoever, and a third has a marked off section (albeit not properly marked) with no connecting path of travel.

86.    The 2 accessible parking spaces on the opposite side of the hotel entrance likewise do not have proper access aisles nor proper paths of travel to the hotel entrance.

87.    At least one rug in the hotel's dining / lobby area is not securely attached.

88.    This is in violation of section 303.2 of the 2010 Standards for Accessible Design. 28 CFR §36.304, whose resolution is readily achievable.

89.    The foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

90.    The discriminatory violations described above are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated

10

against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

91.    Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

92.    Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

93.    Defendant are required to remove the existing barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed

11

prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

94.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

95.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter its hotel to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cures its violations of the ADA.  The Order shall further require the Defendant to maintain the required accessible features on an ongoing basis.

**WHEREFORE,** Plaintiff respectfully requests:

a.     The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.     Injunctive relief against the Defendant including an order to make all

alterations to the facility, and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, and to require the institution of a policy that requires Defendants to maintain its accessible features.

c.      An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

**COUNT II**
**VIOLATION OF THE INDIANA CIVIL RIGHTS LAW**

96.     Plaintiff realleges all prior allegations as if fully set forth herein.

97.     Title 22, Article 9 of the Indiana Code provides for equal opportunity to public conveniences and accommodations, and prohibits discrimination regarding same on the basis of disability. See IC 22-9-1-2(a).

98.     IC 22-9-1-3(l) provides that "Every discriminatory practice relating to … public accommodations … shall be considered unlawful …", and IC 22-9-1(m) states that "'Public accommodation' means any establishment that caters or offers its services or facilities or goods to the general public."

99.    Grievances pursuant to the Indiana Civil Rights Law may be filed in the circuit or superior court having jurisdiction (IC 22-9-1-3(o)), or in the operable federal court pursuant to 28 USC 1367 (supplemental jurisdiction).

100.    Pursuant to the Indiana Civil Rights Law, a court can order the discriminatory practice to stop, and can also "restore complainant's losses incurred as a result of discriminatory treatment". See IC 22-9-1-17, citing IC 22-9-1-6(k)(A).

101.    Plaintiff visited Defendant's property and encountered the discriminatory barriers discussed in this Complaint and seeks damages under the Indiana Civil Rights Law.

102.    By maintaining architectural barriers and policies that discriminate against people with disabilities and through the other actions described above, Defendant, has, directly and/or indirectly, refused, withheld from, and denied to Plaintiff because of his disability, the full enjoyment of its property.

103.    Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

**WHEREFORE**, the Plaintiff respectfully requests that in addition to the injunctive relieve and attorney's fees being requested under the Americans with Disabilities Act, that additionally damages be awarded to the Plaintiff pursuant to the Indiana Civil Rights Law.

Dated:  June 25, 2026                    Respectfully submitted,

*/s/  Brandon Rotbart*
Brandon A. Rotbart, Esq.
LAW OFFICE OF BRANDON A. ROTBART, P.A.
11098 Biscayne Blvd., Suite 401-18
Miami, FL 33161
Phone: (305) 350-7400
rotbart@rotbartlaw.com
*Counsel for Plaintiff Justin Hauser*